SOUTH PORTO RICO SUGAR COMPANY, Appellant, *v.* PUBLIC SERVICE COMMISSION OF PUERTO RICO, Appellee.

No. 9205. Argued December 26, 1925.—Decided March 13, 1946.

*James R. Beverley, R. Castro Fernández,* and *José López Baralt,* for appellant. *Luis Venegas Cortés* for appellee.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

Upon reversal by the District Court of San Juan of certain orders rendered by the Public Service Commission, costs were imposed on the appellee, which was the commission, inasmuch as the proceeding in which the reversed orders originated was not contested. A memorandum of costs was filed and it was denied because the lower court considered that there is no law which expressly authorizes the imposition of costs on the Public Service Commission in appeals from its decisions.

The appellant agrees that, as the Public Service Commission is an instrumentality of the Government created for a public purpose, it cannot be adjudged to pay costs in

the absence of a statute authorizing it. It insists, however, that §§ 79 and 85 of the Public Service Act [1] authorize the imposition of costs in this case. Those Sections read as follows:

"Section 79.—Certification of Record.—The commission shall be immediately notified by the appellant or appellants of the taking of an appeal, and within thirty days after such notice the said commission shall certify under its official seal to the proper court, the record of the said proceedings. Said record shall include the testimony taken, the findings of facts, if any, of the commission, based upon such testimony, a copy of all orders made by the commission in said proceedings, and a copy of the opinion, if any, filed by the commission. The cost of preparing and certifying such record shall be paid to the commission by the appellant or appellants and taxed as part of the costs in the case, to be paid as directed by the court upon the final determination of the appeal; *Provided*, That the commission shall not be bound to certify and transmit any record on appeal until the appellant or appellants shall have first deposited in the office of the secretary of the commission the total cost of the preparation and certification of said record of the commission, except in cases of insolvency duly proved before the commission."

"Section 85.—Decree of Court, how Entered.—If the court shall upon the record find that the order appealed from is reasonable and in conformity with law, it shall enter a decree dismissing the appeal and affirming the order of the commission. If the court shall, upon the record, find that the order appealed from is unreasonable or based upon incompetent evidence materially affecting the determination or order of the commission, or is otherwise not in conformity with law, it may enter a final decree reversing the order of the commission, or, in its discretion, it may remand the record to the commission, with directions to reconsider the matter and make such order as shall be reasonable and in conformity with law. In case the said court shall reverse an order of the commission dismissing a complaint, after an investigation and hearing thereon before the commission, it shall remand the record and proceedings to the commission, with directions to reinstate the complaint, proceed to another hearing and investigation, and make such order as shall be reasonable and in conformity with law. In making any final decree on any appeal the court shall have full power to dispose of costs."

[1] Act No. 70 of December 6, 1917, as amended by Act No. 2 of May 7, 1927.

Neither of those two Sections expressly provides that the Public Service Commission pay costs when its decisions are reversed on appeal. Section 79 provides that the cost of preparing and certifying the record shall be taxed as part of the costs in the case, and shall be paid as directed by the the court upon the final determination of the appeal. Section 85 confers upon the court full power to award costs in appeals from decisions of the Public Service Commission.

There can be no doubt that §§ 79 and 85 of the Public Service Act, authorize the court to impose costs on any of the real *parties* to an appeal from a decision of the Public Service Commission. In many cases heard by that commission there are two or more parties. In such cases there is no difficulty in construing §§ 79 and 85 of the Act: costs on appeal could only be imposed on one of the real parties and never on the commission, which is not a party but the arbiter of the controversy. That is the general rule in all contested proceedings on appeal, and we have no basis for assuming that our lawmaker intended to deviate from it. Given the premise that §§ 79 and 85 do not authorize the imposition of costs on the Public Service Commission in cases in which there are two parties, and since no distinction is made by §§ 79 and 85 between such cases and those where there is only one party, it must be concluded that in the latter cases the imposition of costs on the commission is not authorized either. In other words, in the absence of a clear and unequivocal pronouncement by the Legislature, we should not assume that it was its intention to deal with the Public Service Commission, in the matter of costs on appeal, as an ordinary litigant and not as a tribunal.

The lower court did not err in denying the memorandum of costs filed by the appellant. The order appealed from should be affirmed.